UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 15-cr-20200 |
| v. | Honorable Laurie J. Michelson |
| CHAKA CASTRO, D-1, | |
| Defendant. | |

---

## ORDER DENYING MOTION FOR HARDSHIP CREDIT [505]

---

Chaka Castro organized a series of armed invasions into the homes of families of Asian and Indian descent. Following a jury trial, she was convicted of violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d), four counts of assault with a deadly weapon in aid of racketeering, 18 U.S.C. § 1959(a)(3), and four counts of using a firearm in connection with a crime of violence, 18 U.S.C. § 924(c). (ECF No. 344.) She was sentenced to a 444-month prison term, with 336 months coming from the statutory minimum on the firearms offenses. (ECF No. 412.) The Sixth Circuit affirmed the convictions and sentence. (ECF No. 476.)

Castro is presently serving her sentence at the Federal Correctional Institution Aliceville in Alabama. (ECF No. 505, PageID.7487.) As a result of the coronavirus pandemic and the resulting procedures and protocols implemented by the Bureau of Prisons that limit and restrict inmate interaction, movement, visitation, and health care, Castro estimates that she has been on "lock-down status" for approximately 385 days. (*Id*.) She claims her Fifth, Eighth, and Fourteenth Amendment rights have been violated and she has filed a motion for hardship credits.

(*Id.*) Castro seeks "two days credit for one served for the time [she] has been locked down in FCI Aliceville due to Covid-19." (*Id.* at PageID.7491)

Castro is not the only Aliceville inmate to seek this relief. A district judge in Texas has twice dealt with this identical motion. As that court aptly explained in denying the motions:

> The Bureau of Prisons (BOP) is responsible for calculating sentencing credit, and the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990). A defendant is required to exhaust available administrative remedies through the BOP before litigating the computation of his or her sentence in federal court. *United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (citing 28 C.F.R. §§ 542.10-542.16 and collecting cases). There is nothing in the record indicating that Defendant has presented her complaints regarding her sentence to the BOP, nor does she claim that she has done so.
>
> Moreover, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant's motion states that she is incarcerated in Aliceville, Alabama, which is located in the Northern District of Alabama. Assuming Defendant remains incarcerated in Aliceville, she should file any § 2241 petition in that court after first exhausting her administrative remedies.
>
> For the foregoing reasons, Defendant's Motion for Hardship Credit for Hardtime Served (D.E. 314) is DENIED.
>
> To the extent Defendant wishes to pursue what appear to be Fifth, Eighth, and Fourteenth Amendment claims against FCI Aliceville, she may file a separate civil action.

*United States v. Guillen-Moreno*, No. 17-431-5, 2021 U.S. Dist. LEXIS 75336, at *1–2 (S.D. Tex. Apr. 20, 2021); *United States v. King*, No. 17-823-2, 2021 U.S. Dist. LEXIS 75335, at *1 (S.D. Tex. Apr. 19, 2021).

This Court agrees with those rulings. A motion in Castro's underlying criminal case is not the proper vehicle for challenging the manner in which her sentence is being served or her conditions of confinement at FCI Aliceville as result of the coronavirus pandemic. *See, e.g.*, *United States v. Rodriguez*, No. 18-cr-00090-7, 2020 U.S. Dist. LEXIS 232844, at *5 (D. Conn. Dec. 10, 2020) (noting that "[t]o the extent [defendant] also seeks to raise a claim that his conditions of confinement are in violation of the Eighth Amendment's prohibition on cruel and unusual punishment," such a claim needs to be brought in the federal district where the prison is located); *United States v. Duncan*, No. 17-01-KKC, 2020 U.S. Dist. LEXIS 196540, at *6–7 (E.D. Ky. Oct. 22, 2020) (denying defendant's request for release under the Eighth Amendment based on COVID-19 because an action under 28 U.S.C. § 2241 must be filed in the federal court district in which defendant is incarcerated).

Thus, Castro's Motion for Hardship Credit for Hard Time Served (ECF No. 505) is DENIED.

SO ORDERED.

May 6, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE